# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS and COLLEEN MEYERS, | |
| Plaintiffs, | NO. 3:16-CV-01821 |
| v. | (JUDGE CAPUTO) |
| PROTECTIVE INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the Motion for Judgment on the Pleadings on all Claims of Bad Faith (Doc. 35) filed by Defendant Protective Insurance Company ("Defendant"). For the reasons that follow, the motion for judgment on the pleadings will be denied.

## I. Background

The facts as alleged in the Amended Complaint are outlined in detail in my October 10, 2017 Opinion denying Defendant's Rule 12(b)(6) motion to dismiss the claims of bad faith in the Amended Complaint. (*See* Doc. 30, *generally*). Briefly, Plaintiff Thomas Meyers ("Plaintiff")[1] alleges that he sustained serious injuries after he was struck by a hit-and-run vehicle while delivering boxes for his employer which had an automobile insurance policy issued by Defendant. (*See id.* at 1). Plaintiff provided Defendant with notice of his uninsured motorist claim in April 2014. (*See id.* at 1-2).

Over the next fourteen (14) months, Defendant sent correspondence to Plaintiff's counsel on several occasions requesting updates on the status of his injury. (*See* Doc. 34, ¶ 28 and Ex. "A"). Defendant also requested authorization to obtain

---

[1] Plaintiff's wife Colleen Meyers is also a party to this litigation asserting a derivative claim for loss of consortium.

Plaintiff's workers' compensation file in these correspondence, but Plaintiff never provided such authorization. (*See id*.).

On or about February 1, 2016, Plaintiff provided Defendant with a damages package. (*See* Doc. 30, 2). Thereafter, on March 9, 2016, Plaintiff asked Defendant to advise him of the status of the review of his claim, but Defendant failed to do so. (*See id*.). Rather, Defendant's adjuster responded to Plaintiff that her final report would be submitted to management over the weekend and she would advise Plaintiff of Defendant's position as soon as possible. (*See id*.). Defendant's adjuster did not advise Plaintiff of the status of the review as promised. (*See id*.). Plaintiff again requested Defendant provide him a report on the status of his claim evaluation on March 31, 2016, but that request was ignored. (*See id*.). On April 18, 2016, Plaintiff provided Defendant with a blanket authorization to obtain certain investigative records. (*See id*.).

Plaintiff wrote to Defendant on April 20, 2016 as follow up to an earlier email and multiple voice messages regarding the status of his claim. (*See id*.). Defendant's adjuster responded that the review meeting was not yet on her calendar. (*See id*.). Despite subsequently informing Plaintiff that she would find out when the claim would be reviewed, the adjuster failed to provide this information to Defendant. (*See id*.).

Plaintiff left several voice messages for Defendant's adjuster during the week of May 8, 2016 requesting an update on the status of Defendant's investigation, to which Defendant's adjuster responded on May 18, 2016 that she still did not have a calendar date for review of Plaintiff's claim. (*See id*. at 2-3). After multiple requests, Defendant finally provided Plaintiff with a copy of its investigative file on May 24, 2016. (*See id*. at 3). Plaintiff contacted the adjuster's supervisor the following day regarding Defendant's failure to provide a settlement offer or otherwise communicate regarding the status of its investigation. (*See id*. at 3).

On May 26, 2016, Defendant made its first settlement offer in the amount of

$225,000.00. (*See id*. at 3). At the time the offer was made, Defendant possessed medical lien and wage loss documentation in an amount in excess of $122,000.00. (*See id*.). Defendant was also aware at that time that Plaintiff's medical and wage loss liens were rapidly increasing as Plaintiff was still unable to work and was undergoing medical treatment. (*See id*.). The following week, Defendant increased its settlement offer and retained counsel to represent its interests in this matter. (*See id*.). After counsel was retained, Defendant over the next month requested three (3) medical evaluations of Plaintiff, including two with orthopedic physicians. (*See id*.).

On June 9, 2016, Plaintiff advised Defendant that he would be willing to settle his claim within the policy limits. (*See id*.). A week later, Defendant wrote to Plaintiff stating that he delayed in reporting the accident, that Plaintiff had a "significant medical history", that there was only "minor property damage", and that there were "other relevant factors" that Defendant failed to identify. (*See id*.).

Based on the foregoing, Plaintiffs filed this action against Defendant in the Court of Common Pleas of Lackawanna County, Pennsylvania on July 25, 2016. (*See* Doc. 1, Ex. "A"). Defendant removed the action and moved to dismiss the Complaint, (*see* Doc. 3, *generally*), and that motion was granted in part and denied in part, but Plaintiff was given leave to amend his bad faith claim. (*See* Docs. 16-17, *generally*). The Amended Complaint was filed on February 17, 2017. (*See* Doc. 18, *generally*).

Defendant again moved to dismiss Plaintiff's bad faith claims. (*See* Doc. 19, *generally*). The motion was denied and Plaintiff was permitted to proceed with his bad faith claims in the Amended Complaint. (*See* Docs. 30-31, *generally*).

On November 7, 2017, Defendant filed its Answer with Separate Defenses to the Amended Complaint. (*See* Doc. 34, *generally*). Attached as an exhibit to Defendant's Answer are a series of emails between claims adjusters employed by Defendant and Plaintiff's counsel. (*See id*. at Ex. "A").

Defendant filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on February 14, 2018. (*See* Doc. 35, *generally*).

Although Defendant's previous motion to dismiss the bad faith claims in the Amended Complaint was denied, Defendant now contends that judgment on the pleadings is warranted based on the contents of the Amended Complaint, the Answer, and the exhibits attached to those pleadings. (*See* Doc. 36, 9-19). More particularly, Defendant argues that correspondence between Plaintiff's counsel and Defendant's claim representatives prior to the commencement of this action that are attached as an exhibit to its Answer conclusively establish that it did not engage in any bad faith conduct. (*See id*.).

Plaintiff raises a number of arguments in opposition to Defendant's motion. (*See* Doc. 38, *generally*). Citing the law of the case doctrine, Plaintiff first asserts that the motion should be denied because the issue raised therein has already been ruled upon and decided when Defendant's motion to dismiss the bad faith claims was denied. (*See id*. at 8-11). Second, Plaintiff argues that even if the sufficiency of the bad faith claims is revisited, the pleadings still establish plausible bad faith claims under the applicable standard of review. (*See id*. at 11-13). This is the case, says Plaintiff, even with consideration of the Answer and correspondence attached thereto because the content of the correspondence are consistent with the allegations in the Amended Complaint which have already been found sufficient to allege plausible bad faith conduct. (*See id*. at 13-19). Plaintiff also maintains that the pleadings establish viable bad faith claims based on Defendant's misrepresentations and settlement conduct. (*See id*. at 19-23).

In reply, Defendant contends that courts routinely entertain motions for judgment on the pleadings even after denying previous motions to dismiss. (*See* Doc. 40, 3-4). As a result, Defendant insists that Plaintiff is wrong in relying on the law of the case doctrine as a basis to deny its motion (*See id*. at 4-7). Defendant also reiterates in its reply that the pleadings fail to establish plausible bad faith claims. (*See id*. at 7-15).

Oral argument was held on the motion for judgment on the pleadings on April

12, 2018. Defendant's motion is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). "'A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revel v. Port Auth. of NY, NJ*, 598 F.3d 128, 134 (3d Cir. 2010)). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id*. at 417-18 (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). "In ruling on a motion for judgment on the pleadings, 'the court reviews not only the complaint but also the answer and written instruments attached to the pleadings.'" *Barnard v. Lackawanna Cnty.*, 194 F. Supp. 3d 337, 340 (M.D. Pa. 2016) (quoting *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591 (M.D. Pa. 2010)); *see also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.").

## III. Discussion

Defendant's motion for judgment on the pleadings will be denied.[2] Defendant's

---

[2] The parties dispute whether the decision denying Defendant's motion to dismiss the bad faith claims in the Amended Complaint on a 12(b)(6) motion precludes the instant Rule 12(c) motion. While "a motion for judgment on the pleadings is not an opportunity to re-litigate issues raised and decided in a motion to dismiss,

5

contention that its Answer and the exhibit attached thereto compel a finding that Plaintiff does not present viable bad faith claims is unconvincing. The correspondence between Plaintiff's counsel and Defendant's claims representatives were not attached to the Amended Complaint. (*See* Doc. 18, *generally*). Nevertheless, the substance of much of the parties' communications was set forth in detail in Plaintiff's pleading. (*See id*. at ¶¶ 24-58). Thus, for all practical purposes, the operative facts here are no different than they were when the sufficiency of the bad faith claims was determined on Defendant's motion to dismiss the Amended Complaint. And, although Defendant's Answer provides additional information pertaining to communications between the parties during 2014 and 2015, (*see* Doc. 34, ¶ 28 and Ex. "A"), that by itself does not establish that the bad faith claims in the Amended Complaint are not facially plausible. Defendant is not entitled to judgment on the pleadings.[3]

## IV. Conclusion

For the above stated reasons, Defendant's motion for judgment on the pleadings will be denied.

An appropriate order follows.

| April 20, 2018 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

---

the Federal Rules do not flatly bar a defendant from asserting a Rule 12(c) motion for judgment on the pleadings simply because he or she previously asserted a Rule 12(b)(6) motion to dismiss." *Burke v. Nationstar Mortg. LLC*, No. 14-837, 2016 WL 4231705, at *5 (E.D. Va. Aug. 9, 2016) (quotation, citation, and alteration omitted). A Rule 12(c) motion following the denial of a Rule 12(b)(6) motion is proper, among other instances, where the defendant "produces legal authority and/or evidence in response to the court's decision." *Id*.

[3] Of course, "[a] ruling on a motion brought pursuant to Federal Rule of Civil Procedure 12(c) does not preclude a later summary judgment motion brought pursuant to Rule 56(a)." *Booker v. Johnson & Johnson*, 54 F. Supp. 3d 868, 872 (N.D. Ohio 2014); *accord Hazen v. Modern Food Servs., Inc.*, 113 F. App'x 442, 444 (3d Cir. 2004).